PROB 12
(Rev. 3/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| Vs. | ) Criminal Action No. 1:99CR00071-001 (GMS) |
| Zaid Gbolahan Jinadu, | ) |
| Defendant | ) |

**Petition on Probation and Supervised Release**

    COMES NOW John G. Selvaggi, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Zaid G. Jinadu, who was placed on Supervised Release by the Honorable Gregory M. Sleet, sitting in the court at Wilmington, Delaware, on the 18th day of May 2000, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows: Disclosure of financial documents; no new credit charges or new lines of credit without approval of the probation office; pay any financial obligations; restitution of $166,521.18. Modification: June 25, 2003 ordered to obtain employment other than home health aide; provide USPO with names and addresses of dependant children; surrender all fraudulent documents. Modification: December 5, 2003 ordered restitution to be paid at monthly rate of 10% of gross monthly wages. Modification: March 11, 2004 ordered to complete four months of home confinement with electronic monitoring.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
A report has been received from U.S. Probation Officer Harry Collins, advising that Mr. Jinadu was arrested for aggravated unlicensed operation of a motor vehicle. Mr. Jinadu admitted to Officer Collins that he was operating his girlfriend's mother's car, while his driver's license was suspended. The U.S. Probation Officer is recommending a modification of the conditions to include 30 days of home confinement with electronic monitoring. Mr. Jinadu has agreed to this modification and a Waiver is attached.

**PRAYING THAT THE COURT WILL ORDER ...** that Zaid Gbolahan Jinadu be continued on supervised release, with a modification ordering 30 days of home confinement with electronic monitoring. During that period, the defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. Mr. Jinadu shall pay the cost of the monitoring at the prevailing contract rate, to the degree he is reasonably able.

| ORDER OF COURT | Under the penalty of perjury I declare the following to be true and correct: |
|---|---|
| Considered and ordered this _____ day of August, 2005. | _____ John G. Selvaggi, Supervising U.S. Probation Officer |
| _____ U.S. District Court Judge | Place   Wilmington, Delaware |
| | Date   August 8, 2005 |

PROB 49
(NYEP-8/5/04)

# United States District Court

## DISTRICT OF DELAWARE

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*For a period of __30__ days, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

Witness: _____    Signed: _____
U.S. Probation Officer                        Probationer or Supervised Releasee

Date: 6/14/05